IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: | Case No. 24-11589 MER |
| Abass Y Bamba, | Chapter 13 |
| Debtor. | |

## ORDER DENYING THIRD MOTION TO RECUSE

THIS MATTER comes before the Court on the "Safety Concerns and Request for Presiding Judge Disqualification" filed by the Debtor, Abass Bamba ("**Bamba**"), which the Court construes as a Motion to Recuse ("**Third Recusal Motion**").[1]

This is Bamba's third recusal motion. The Court denied Bamba's first recusal motion by order dated April 29, 2025 ("**April 29 Order**") and the second recusal motion by order dated June 26, 2025 ("**June 26 Order**"), which are incorporated by reference herein.[2] As explained in the April 29 and June 26 Orders, this Court's substantive orders overruling Bamba's objections to the claim filed by Dominion Financial Services, LLC ("**Dominion**") are not evidence of bias. In his Third Recusal Motion, Bamba again complains of this Court's substantive rulings on Bamba's continued objections to Dominion's claim. He also argues this Court's denial of his motion alleging a willful violation of the automatic stay warrants disqualification. Additionally, Bamba states that he intends not to participate or offer evidence at an upcoming evidentiary hearing on plan confirmation.

## DISCUSSION

**A.   Recusal**

Section 455(a) of title 28 provides that: "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for making this determination is a purely objective one: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[3] A judge's actual state of mind or lack of

---

[1] ECF No. 221.

[2] ECF Nos. 159, 181.

[3] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

partiality is not the issue.[4]  Rather, "the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom."[5]

A significant limitation on § 455(a) is the "extrajudicial source factor," which provides that the alleged bias or prejudice "'must stem from an extrajudicial source [or a source outside the judicial proceeding at hand] and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"[6] Under this factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[7]  The same  applies to remarks made by a judge during a case.

The Tenth Circuit has stressed that § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[8]  To help prevent "abusive invocation of the statute," the Tenth Circuit has provided a list of matters that will not ordinarily satisfy the requirements of § 455(a).  These include: (i) "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; (ii) "the mere fact that a judge has previously expressed an opinion on a point of law;" (iii) "prior rulings in the proceeding, or another proceeding, solely because they were adverse"; and (iv) "baseless personal attacks on or suits against the judge by a party."[9]

As the Court explained in the April 29 and June 26 Orders, this Court's substantive rulings on Bamba's various and continued objections to Dominion's proof of claim, including those labeled as challenges to Dominion's "standing," are not evidence of bias.[10]  Nothing in Bamba's Third Recusal Motion changes this conclusion.  Likewise, this Court's orders denying Bamba's repeated requests to stay this bankruptcy case and the plan confirmation process while he pursues multiple appeals are not evidence of bias.  This Court and the District Court have previously explained to Bamba that the plan confirmation process must proceed despite his appeals.

The other order Bamba refers to in his Third Recusal Motion is this Court's September 3, 2025, Order denying Bamba's request for damages for willful violation of

---

[4] *Id*.

[5] *Id*.

[6] *Liteky v. United States*, 510 U.S. 540, 545 & n.1, 555 (1994).

[7] *Id*. at 555.  See also *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*); *Green v. Brown*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot themselves form the appropriate grounds for disqualification").

[8] *Cooley*, 1 F.3d at 993.

[9] *Id*. at 993-94.

[10] To the extent Bamba's Third Motion for Recusal refers to adversary proceedings he filed against Dominion, the Court has held those proceedings in abeyance as they are largely duplicative of his objection to Dominion's proof of claim.  If and when Bamba is successful in his appeal, those adversary proceedings may proceed.  The Court has not granted or denied him any relief in those proceedings.

the automatic stay.[11]  Bamba suggests this Order amounts to the Court "permit[ing] actions that directly endangered [his] safety."[12]  The Court did not "permit" any actions to occur on Bamba's property.  Rather, the Court ruled that his allegations about a property inspection conducted by an agent of Dominion did not amount to a willful violation of the automatic stay under 11 U.S.C. § 362(k).[13]  While Bamba obviously disagrees with this ruling, the Court's Order, issued two months after the property inspection, did nothing to "endanger" his safety.  Indeed, the Court specifically ordered Dominion to conduct any further inspections from the street and not to enter the Debtor's property.  The Court's substantive ruling on this issue is not evidence of bias.

### B. Bamba's Statements Regarding the Upcoming Hearing

Bamba's Third Recusal Motion indicates that he will not submit any witness or exhibit lists for the evidentiary hearing set for October 16, 2025.  Instead, he intends to appear at the hearing only to place a protest on the record and he "reserve[s] all rights".[14]  The Court will take no action with regard to Bamba's purported reservation of rights.  As for his indication he will not file any witness or exhibit list or otherwise participate in the hearing other than to protest, that is his right and choice. The Court will rule on the evidence admitted at the scheduled hearing in accordance with bankruptcy law.

## CONCLUSION

For all these reasons, the Court concludes that Bamba has failed to satisfy the requirements for disqualification under 28 U.S.C. § 455(a).  Accordingly, Bamba's Third Recusal Motion is DENIED.

Dated: September 23, 2025         BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[11] ECF Nos. 209.

[12] ECF No. 209, at 1.

[13] Neither Bamba's original Notice alleging violation of the stay nor his Reply concerning the same issue allege that Dominion's property inspection endangered his safety. ECF Nos. 191, 200.

[14] ECF No. 209, at 1.