IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: | Case No. 24-11589 MER |
| Abass Y Bamba, | Chapter 13 |
| Debtor. | |

**ORDER DENYING FOURTH MOTION TO RECUSE**

THIS MATTER comes before the Court on the Fourth Motion to Disqualify Judge Michael E. Romero ("**Fourth Recusal Motion**") filed by the Debtor, Abass Bamba ("**Bamba**").[1]

This is Bamba's fourth recusal motion. The Court denied Bamba's first recusal motion by order dated April 29, 2025 ("**April 29 Order**"), the second recusal motion by order dated June 26, 2025 ("**June 26 Order**"), and the third recusal motion by order dated September 23, 2025 ("**September 23 Order**"), which are incorporated by reference herein.[2] As explained in the prior Orders, this Court's substantive orders overruling Bamba's objections to the claim filed by Dominion Financial Services, LLC ("**Dominion**") are not evidence of bias. In his Fourth Recusal Motion, Bamba contends this Court made a statement on the record at a hearing in April 2025 that "[Bamba] can appeal all of my rulings." Bamba contends this alleged statement shows that the Court is biased and has predetermined the outcome of any motion or objection filed by Bamba.

**DISCUSSION**

**A.    Recusal**

Section 455(a) of title 28 provides that: "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for making this determination is a purely objective one: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[3] A judge's actual state of mind or lack of

---

[1] ECF No. 233.

[2] ECF Nos. 159, 181, 232.

[3] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

partiality is not the issue.[4]  Rather, "the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom."[5]

A significant limitation on § 455(a) is the "extrajudicial source factor," which provides that the alleged bias or prejudice "'must stem from an extrajudicial source [or a source outside the judicial proceeding at hand] and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"[6] Under this factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[7]  The same is true for remarks made by a judge during a case.

The Tenth Circuit has stressed that § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[8]  To help prevent "abusive invocation of the statute," the Tenth Circuit has provided a list of matters that will not ordinarily satisfy the requirements of § 455(a).  These include: (i) "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"; (ii) "the mere fact that a judge has previously expressed an opinion on a point of law;" (iii) "prior rulings in the proceeding, or another proceeding, solely because they were adverse"; and (iv) "baseless personal attacks on or suits against the judge by a party."[9]

Bamba contends that one alleged statement made on the record during an April hearing shows bias.  The only hearing this Court conducted in this case in April was a preliminary hearing on April 21, 2025, on the Motion to Dismiss filed by Dominion.[10]  At the hearing, Bamba expressed his opinion that all matters in his bankruptcy case, including Dominion's Motion to Dismiss, should be stayed, given his pending appeal before Judge Brimmer in the District Court.  This Court acknowledged Bamba's position but noted the District Court had already denied Bamba's motion for a stay pending appeal.  Bamba indicated he had filed a similar motion for stay with the Bankruptcy Court and a renewed motion for stay before the District Court.  This Court assured Bamba it would consider his motion for a stay (later denied).  It, of course, would honor any further orders by the District Court, but, in the meantime, the Court would be setting Dominion's Motion to Dismiss for hearing.

---

[4] *Id*.

[5] *Id*.

[6] *Liteky v. United States*, 510 U.S. 540, 545 & n.1, 555 (1994).

[7] *Id*. at 555.  See also *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*); *Green v. Brown*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("adverse rulings cannot themselves form the appropriate grounds for disqualification").

[8] *Cooley*, 1 F.3d at 993.

[9] *Id*. at 993-94.

[10] ECF No. 151.

During the April 21 hearing, the Court never told Bamba that he "can appeal all my rulings." Instead, the Court's only statements about Bamba's appeal rights were the following:

> You can argue I don't have jurisdiction. I disagree with you. Judge Brimmer disagrees with you. And as long as the two of us who have this case in front of us disagree with you, you lose on that issue unless you can get Judge Brimmer to change his mind. So, I'm going to set this thing for a hearing, and you can make whatever other arguments at that time. And if Judge Brimmer changes his mind on the renewed motion you filed in front of him, I will, of course, obey Judge Brimmer. But if he doesn't, we're going forward. So, and if you don't like what happens in that one, then you can appeal that one as well. But I don't know how I'm going to rule on that one because I haven't heard it yet. But we are going to set it for hearing.
>
> …
>
> I respect your ability to appeal. I respect your ability to file motions before Judge Brimmer. I respect your ability to file motions before me. But if the rulings go against you, then your only option is to appeal.
>
> …
>
> I am not taking sides Mr. Bamba. I have never taken sides, and I am not about to, in the future, take any sides. So, I disagree with your suggestion. But with that, nevertheless, if you disagree with my opinions, feel free to appeal, which you have already done so once. So, that is your course of, that is your next course of action if you disagree with me. Feel free to do so.

None of these statements indicates the Court is predisposed to rule against Bamba. Instead, the Court merely explained to Bamba that he has the right to appeal any decisions by this Court or the District Court with which he disagrees. The Court sees no evidence of bias.

## CONCLUSION

For all these reasons, the Court concludes that Bamba has failed to satisfy the requirements for disqualification under 28 U.S.C. § 455(a). Accordingly, Bamba's Fourth Recusal Motion is DENIED.

Dated: October 14, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court